UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PNC BANK, N.A., as successor-in-interest by merger to RBC Bank (USA), as successor-in-interest to Florida Choice Bank, as successor-in-interest to Public Bank, as successor-in-interest to Peoples State Bank of Groveland**

    Plaintiff,

v.                                            Case No: 5:14-cv-20-Oc-PRL

**ROGER A. WILLIAMS, PAMELA J. WILLIAMS and WILLIAMS WAREHOUSING & RENTALS, INC.**

    Defendants.

## ORDER

Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and the consent of the parties, this case has been referred to the undersigned on December 16, 2013 for all further proceedings and the entry of judgment. (Doc. 23). In this action, Plaintiff PNC Bank, N.A., as a successor-in-interest of the original creditor, seeks to enforce financial obligations against Defendants arising from a series of loan, guaranty and security documents. (Doc. 1, ¶ 12). Defendants have moved to dismiss the Complaint on the basis of improper venue, citing venue selection provisions in the loan documents. (Doc. 19). For the reasons explained below, Defendants' motion is due to be **DENIED**.

### I.   BACKGROUND

As alleged in the Verified Complaint (Doc. 1), Defendants are the obligors and guarantor under a series of loan, guaranty, security, and perfection documents regarding a financial

- 2 -

obligation owed to Plaintiff.  (Doc. 1, ¶ 12).  Plaintiff contends Defendants are in default on the loan, and seek judgment against Defendants for the full amount of the obligation, plus interest, court costs, and reasonable attorneys' fees under the loan documents.  (Doc. 1, ¶¶ 24, 27).

Defendants have moved to dismiss the complaint on the basis of improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.  Defendants contend that relevant loan documents contain a choice of venue clause providing for the jurisdiction in the courts of Lake County, State of Florida.  Defendants contend this clause should be regarded as "prima facie valid" and should be enforced, and this case dismissed accordingly.  (Doc. 19).

In response, Plaintiff contends that the relevant venue clause is a permissive forum selection clause, not an exclusive forum selection clause.  A review of the relevant documents reveals that they provide, "[i]f there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Lake County, State of Florida."  (Doc. 1-14, 1-15, 1-18).

## II.   DISCUSSION

Indeed, there is a distinction between permissive forum selection clauses and mandatory clauses.  *See, e.g., Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004).  A permissive forum selection clause authorizes jurisdiction within the stated forum, but does not require the litigation to be brought there.  *Id.*  In contrast, a mandatory form selection clause "dictates an exclusive forum for litigation under that contract."  *Id.  See also, Snapper, Inc. v. Redan*, 171 F.3d 1249, 1260 (11th Cir.1999).

Plaintiff argues that, here, the provision unambiguously allows for suit to be brought in Lake County, Florida if the Bank so requests, but that it does not state that Lake County, Florida is the only place of jurisdiction.  The Court agrees.  The plain language of the forum selection

clause, notably the language "upon Lender's request," indicates that the clause is permissive, as opposed to mandatory. *See Snapper*, 171 F.3d at 1260 (holding that the clause "[t]he Undersigned agrees that any legal action or proceeding with respect to this instrument may be brought in the courts of the State of Georgia or the United State District Court, Northern District of Georgia, Atlanta Division, all as Creditor may elect" granted creditor the absolute right to choose the forum for litigation among the stated Georgia state or federal courts or any other court of competent jurisdiction). The forum selection clause at issue here does not mandate venue in state court in Lake County, nor does it foreclose Plaintiff's right to litigate this action in this Court. Moreover, the parties do not dispute that venue is otherwise proper in this Court under 28 U.S.C. § 1391, as the mortgaged property is located in Lake County, Florida, within the Middle District of Florida.

### III. CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss Complaint (Doc. 19) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on February 12, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties